JOHN H. TODD
P.O. BOX 608
CHILOQUIN, OREGON
97624
541-591-9009

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

JOHN H. TODD

   Plaintiff,

v.

CAROLYN WHITAKER
DOUG MCINNIS
GALE A. MCMAHON
JIM NIELSON
STACY KENDALL
EAST RIDGE ANIMAL HOSPITAL
WEST RIDGE ANIMAL HOSPITAL
OREGON HUMANE SOCIETY

   Defendants.

Case No. 1:16-CV-00447-MC

FEDERAL CIVIL RIGHTS COMPLAINT
42 U.S. CODE 1983
42 U.S. Code 1985
  Jury Trial Demanded -YES-

## PARTIES

Plaintiff  JOHN H. TODD
     P.O. BOX 608
     CHILOQUIN, OREGON 97624
     541-591-9009

Page 1- COMPLAINT

| | |
|---|---|
| Defendant No. 1 | Carolyn Whitaker<br>6360 South 6th Street<br>Klamath Falls, OR. 97603<br>541-884-9383 |
| Defendant No. 2 | Doug Mcinnis<br>2128 Oregon Ave.<br>Klamath Falls, OR. 97603<br>541-884-6771 |
| Defendant No. 3 | Gale A. McMahon<br>4250 Washburn Street<br>Klamath Falls, OR. 97603<br>541-882-1279 |
| Defendant No. 4 | Jim Nielson<br>4250 Washburn Street<br>Klamath Falls, OR. 97603<br>541-882-1279 |
| Defendant No. 5 | Stacy Kendall<br>4250 Washburn Street<br>Klamath Falls, OR. 97603<br>541-882-1279 |
| Defendant No. 6 | East Ridge Animal Hospital<br>6360 South 6th Street<br>Klamath Falls, OR. 97603<br>541-884-9383 |
| Defendant No. 7 | West Ridge Animal Hospital<br>2128 Oregon Ave.<br>Klamath Falls, OR. 97603<br>541-884-6771 |

Page 2- COMPLAINT

Defendant No. 8                     Oregon Humane Society
                                    1067 N.E. Columbia Blvd.
                                    Portland, Oregon  97211

### JURISDICTION

Federal issues relating to violations of the plaintiffs civil rights by the defendants.

### COMPLAINT

On June 15, 2015 Klamath County Animal Services and Dog Control Officers Gale A. McMahon and Jim Nielson served a warrant on the plaintiff. Although the warrant could be argued that it was valid, the officers exceeded their authority in obtaining the warrant under state statute, county ordinance and their job description

The officers, including an office worker, Stacy Kendall then transported the pet cats to the East Ridge Animal Hospital. In addition to the cats the defendants also removed from the plaintiffs home several hundred dollars worth of pet carriers, pet food and cat medicine. During this seizure on June 15, 2015 the officers did not inventory or produce any personal property receipts for the plaintiff. Nor at this time did any legal documents be presented to the plaintiff relating to any violation of the law other than the first page of the search warrant.

The three defendants, McMahon, Nielson and Kendall then transported the plaintiffs personal property to East Ridge Animal Hospital where the plaintiffs personal property was left. No information is known concerning the pet carriers, pet food or cat medicine.

Page 3- COMPLAINT

A letter dated June 22, 2015 from Carolyn Whitaker of East Ridge Animal Hospital and Doug Mcinnis of West Ridge Animal Hospital to Klamath County Animal Control indicate that 114 cats belonging to the plaintiff was received. That the defendants then gave 19 of the plaintiffs pet cats to local residents and the remaining 95 pet cats were transferred to the Oregon Humane Society on June 22, 2015. ( EXHIBIT 1 )

A letter from the attorney for the Oregon Humane Society to the plaintiff confirmed the arrival of 95 of the plaintiffs cats. In the letter to the plaintiff the attorney indicated that it was believed that the plaintiff had "surrendered" the cats. ( EXHIBIT 2, 3 )

The Oregon Humane Society was aware of the Federal law suit filed by the plaintiff on June 17, 2015 and was fully aware that the plaintiff was contesting the seizure of his pets. Local shelters such as the FRIENDS OF PETS OF KLAMATH BASIN considered the "forced removal and transfer" of the plaintiffs cats unfair and hurtful to the cats, ( EXHIBIT 4, 5 ). The plaintiff further argues that the defendants have not produced a single legally acceptable document that would meet the minimal legal standards necessary to show that the plaintiff had released his personal property rights to the cats and other personal property seized on June 15, 2015 from the plaintiffs house.

The plaintiff is entitled to the return of his personal property, compensation for mental anguish suffered as a result of the loss of the companionship of his pets, and expenses related to pursuing the return of his personal property. The plaintiff is seeking $200,000.00 per defendant.

Signed this 14th day of March, 2016

*John H Todd* (signature)

Page 4- COMPLAINT



June 22, 2015

To: Klamath County Animal Control

4250 Washburn Way

Klamath Falls, OR 97603

From: East Ridge Animal Hospital

Re: Cats brought into ERAH on 6/15/15

Dear Klamath County Animal Control,

There were a number of cats brought into the clinic on the evening of June 15, 2015. Over the next few days 114 cats were evaluated, vaccinated and treated as needed. During the week that the cats were being boarded at East Ridge Animal Hospital 19 of the cats were adopted out with the remaining 95 being transferred to Oregon Humane Society on June 22, 2015.

Respectfully,

Doug McInnis, DVM

Carolyn Whitaker, DVM

Exhibit D



**TOMASI SALYER BAROWAY**

**Kathryn P. Salyer**
Attorney
Admitted in Oregon and Washington

ksalyer@tsbnwlaw.com

121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Tel 503-894-9900
Fax 971-544-7236
www.tsbnwlaw.com

September 25, 2015

John H. Todd
1211 Chocktoot Street
Chiloquin, OR 97624

Re: John H. Todd v. Gale A. McMahn, et al
USDC District of Oregon Portland Division Case No. 1:15-CV-1091-CL

Dear Mr. Todd:

As you know I represent the Oregon Humane Society ("OHS") in connection with the subpoena you served in the above referenced dispute. I write to follow up on and confirm our telephone conversation of Wednesday, September 23, 2015. During our call you acknowledged that there was some delay in processing the subpoena at the district court and that the district court informed you that you would need to have a new subpoena issued. This is because the subpoena was served on the OHS after the date on which the production it requested was due.

At this point, rather than having you incur the expense of obtaining a new subpoena or OHS the expense of obtaining an Order to Quash or Limit the Subpoena you have agreed that disclosure of the receipt and disposition of the cats and any carriers is sufficient. As I told you on the phone, OHS received 95 cats. One of those cats was euthanized and the remaining cats were placed for adoption. It was the OHS's understanding that you relinquished the cats for adoption and during our call you confirmed that you are happy that the OHS was involved in the adoption process because of its reputation. I am informed that the OHS delivered 95 of its own carriers for the transport and it assumes that these carriers were used.

Should you need additional information please contact me. As you know in addition to the procedural issues I have concerns about the potential breadth of your subpoena which I would have raised with the court but for our discussion yesterday. Hopefully, your need for information is resolved.

Sincerely,

Kathryn P. Salyer

KPS/dh
cc:     Oregon Humane Society

ORHS-L4\00187845.000

Exhibit 2



**Kathryn P. Salyer**
Attorney
Admitted in Oregon and Washington

ksalyer@tsbnwlaw.com

121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Tel 503-894-9900
Fax 971-544-7236
www.tsbnwlaw.com

October 26, 2015

John H. Todd
1211 Chocktoot Street
Chiloquin, OR 97624

    Re: John H. Todd v. Gale A. McMahn, et al
       USDC District of Oregon Portland Division Case No. 1:15-CV-1091-CL

Dear Mr. Todd:

  I understand that you have left messages at the Humane Society questioning why further information has not been produced to you and threatening to file litigation naming the Humane Society as a defendant. As we previously discussed the subpoena you previously issued was invalid because it was issued prior to the time that discovery is allowed to commence under the applicable procedural rules and because you served the subpoena on the Humane Society after the date on which the responsive documents were purportedly due. Despite these defects I provided information to you as a professional courtesy. As you know the Humane Society was not involved in the seizure of the cats and you acknowledged to me that you were relieved that the Humane Society was in fact able to take them. The Humane Society needs to conserve its resources for the care of animals. Please do not cause the Humane Society to incur expenses unnecessarily.

                Sincerely,

                Kathryn P. Salyer

KPS/dh
cc: Oregon Humane Society

ORHS-L4\00192087.000

*Exhibit 3*

**Friends of Pets of Klamath Basin**
**No-kill Shelter for Abandoned Felines**
4809 Altamont Drive
Klamath Falls, OR 97603
541-850-0750
Fed. Tax ID: 93-1310653



September 9, 2015

John H. Todd
PO Box 608
Chiloquin, OR  97624

Hi John:

If you would be willing, I would like to talk with you regarding your lawsuit against Klamath County Dog Control, et al. I have researched the court documents online.

Please call me at 541-850-0750 between 9:00 and 3:00, Monday through Friday, if you have interest to discuss your progress.

Kindest regards,

Kathleen Williams, President

Exhibit 4

Dear Editor:

I am writing to quiet concerns Friends of Pets participated in the Chiloquin 98-cat seizure by Dog Control. We did not for several reasons. Foremost, we believe seizures and transfers fail to solve underlying problems, unfairly displace and stress cats, are hurtful and costly.

As litigation unfolds in the case, we are mindful of the cultural, mind-boggling mistreatment and neglect of cats in the Basin. However, in this instance, we empathize with those helping cats, even when conflicted with government.

Our view: Dog Control's 98-cat forced removal and transfer to Oregon Humane Society (OHS) only reinforced our community's lack of action in addressing our animal overpopulation. Why would we take action to solve our own issues when they can be avoided by sending animals to other towns?

Our community would be better served had OHS provided funding to promote spay/neuter programs for Chiloquin, leaving the cats here, foregoing litigation.

The fact 98 cats were split with a second organization and sold for 98 cents each suggests OHS did not have space for the transfer. This may be due to OHS's priority to serve cats from its own area. Ironically, pet shortages in cities, like Portland, occur only after previously investing in their own effective neutering programs--the very action Klamath County has not done.

According to OHS data, in 2014, Klamath Humane Society (KHS) reported euthanizing over 1,200 animals, mostly cats, transferred in 244 dogs, and transferred out 266 dogs plus 51 cats to other towns. Aware of our overpopulation, Dog Control and KHS provide only limited funding for spay/neuter programs.

In closing, we must find solutions to our own overpopulation problems. Using other shelters as a crutch by transfers undercuts our resolve and risks blinding us to the truth. If we are ever going to improve, we must be accountable.

Exhibit 5