IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN H. TODD,

                      Plaintiff,

     v.

CAROLYN WHITAKER, et al.,

                      Defendants.

No. 1:16-cv-00447-MC

**ORDER**

**MCSHANE, J.**

      Pro se plaintiff John H. Todd brings this civil rights action under 42 U.S.C. §§ 1983 and 1985 against Klamath County Animal Control officers Jim Nielsen, Gale A. McMahon, and Stacy Kendall; the East Ridge and West Ridge Animal Hospitals; veterinarians Dr. Carolyn Whitaker and Dr. Doug McInnis; and The Oregon Humane Society (OHS). Plaintiff contends that Defendants violated his procedural due process rights after the defendant animal control officers seized cats from Plaintiff's house pursuant to a search warrant.

      Defendants move to dismiss for failure to state a claim. I grant Defendants' motions to dismiss with prejudice.

1- ORDER

## BACKGROUND

On June 15, 2015, the defendant Klamath County animal control officers served a search warrant on Plaintiff at his house in Chiloquin, Oregon. Plaintiff alleges, "Although the warrant could be argued that it was valid, the officers exceeded their authority in obtaining the warrant under state statute, county ordinance and their job description." Compl. 3, ECF No. 1. I take judicial notice that in a prior action brought by Plaintiff, also challenging the seizure of his cats, I concluded that the search warrant was valid. *Todd v. McMahn*, No. 1:15-cv-1091-MC, Order 6, ECF No. 6 (D. Or. June 30, 2015) (*Todd I*) (noting that Oregon law "specifically authorizes searches when 'there is probable cause to believe that any animal' is being mistreated" (quoting Or. Rev. Stat. § 167.345(2)).[1]

The animal control officers seized more than 100 cats from Plaintiff's house. Plaintiff alleges that the officers "then transported the pet cats to the East Ridge Animal Hospital. In addition to the cats the defendants also removed from the plaintiffs home several hundred dollars worth of pet carriers, pet food and cat medicine." Compl. 3. Plaintiff alleges the officers did not inventory the cats, provide property receipts, or present legal documents "relating to any violation of the law other than the first page of the search warrant." Compl. 3.

As an exhibit to the complaint, Plaintiff attaches a copy of a letter to Klamath County Animal Control from defendant East Ridge Animal Hospital, dated June 22, 2015 and signed by defendant veterinarians Dr. Doug McInnis and Dr. Carolyn Whitaker. Compl. 5, Ex.1. The letter states:

---

[1] Plaintiff has filed other actions in this court challenging the seizure of his cats, including *Todd v. Nielson*, No. 1:15-cv-1832-MC (dismissed as redundant of *Todd I*) (judgment issued Mar. 31, 2016); *Todd v. State of Oregon*, No. 1:15-cv-1949-MC (dismissed for failure to state a claim) (judgment issued Nov. 24, 2015); and *Todd v. Partridge*, No. 1:15-cv-2412-MC (dismissed for failure to state a claim) (judgment issued Feb. 16, 2016).

There were a number of cats brought into the clinic on the evening of June 15, 2015. Over the next few days 114 cats were evaluated, vaccinated and treated as needed. During the week that the cats were being boarded at East Ridge Animal Hospital 19 of the cats were adopted out with the remaining 95 being transferred to Oregon Humane Society on June 22, 2015.

In his response brief, Plaintiff asserts that Defendant Dr. McInnis "has had and continues to have a close working relationship in addition to the contractual obligation" with Klamath County. Pl. Resp. 2, ECF No. 4. Plaintiff does not plead this contractual relationship in his complaint.

Plaintiff also attaches a letter addressed to him from Kathryn Salyer, an attorney representing OHS, dated September 25, 2016. Sayler writes, "As I told you on the phone, OHS received 95 cats. One of those cats was euthanized and the remaining cats were placed for adoption." Compl. 6, Ex. 2. Sayler writes, "It was the OHS's understanding that you relinquished the cats for adopting and during our call you confirmed that you are happy that the OHS was involved in the adoption process because of its reputation." Compl. 6. Sayler states that OHS used 95 of its own carriers to transport the cats to Portland.

## LEGAL STANDARDS FOR MOTIONS TO DISMISS

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is not required to accept as true allegations "that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Similarly, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

The court should construe the pleadings of a pro se litigant more leniently than those of a lawyer. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). A pro se plaintiff should be given leave to amend the complaint unless an amendment could not cure the complaint's deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

## DISCUSSION

### I. Plaintiff Cannot State a Claim Against the Private Party Defendants

To state a claim under 42 U.S.C. § 1983, Plaintiff must show that a defendant acting under color of state law deprived him of a federal constitutional or statutory right. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). I conclude that Plaintiff has not stated a claim against the private party defendants because he cannot show that they were acting under color of state law.

The law presumes that a private actor's conduct is not under color of state law. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir.2011). However, a private person may act under color of state law through joint action with a state official. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). To prove joint action, the plaintiff must show willful, joint participation between the state and private actors in which "the state knowingly accepts the benefits derived from unconstitutional behavior." *Florer,* 639 F.3d at 926 (citations and quotations omitted). "The joint action test is not satisfied absent willful joint participation, . . . where the state was in 'a position of interdependence with the private entity.'" *Id.* at 927 (citations omitted).

Plaintiff's allegations as to the private defendants do not show the "substantial degree of cooperation" with the County animal control officers necessary to prove joint action. Plaintiff does not allege specific facts showing that the private defendants encouraged or participated in

the animal control officers' decision to seize Plaintiff's cats. *See Burnell v. Marin Humane Soc'y*, No. 14-cv-05635-JSC, 2015 WL 6746818, at *14 (N.D. Cal. Nov. 5, 2015) (dismissing § 1983 claim against a veterinarian because there were "no allegations that Dr. Keefer participated in planning an unlawful seizure" even though the veterinarian was present during the seizure of the plaintiff's horses). Here, after the animal control officers had already seized Plaintiff's cats, the private defendants accepted the cats for treatment and adoption. That is not sufficient to show that the private defendants intentionally participated in any violation of Plaintiff's civil rights.

Plaintiff contends that he has shown the requisite degree of cooperation because Dr. McInnis had a contractual relationship with Klamath County Dog Control. Pl. Reply 2, ECF No. 11. Plaintiff did not plead this alleged contractual obligation in his complaint. Assuming that a contractual relationship existed, such a relationship, without more, does not show that the private defendants should be treated as state actors. The Supreme Court has held that the acts of "private corporations whose business depends primarily on contracts to build roads, bridges, dams, ships, or submarines for the government . . . do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982). The same logic applies here to the private defendants here.

Plaintiff alleges that OHS has been authorized by the Oregon State Police to be involved in animal care issues. Accepting this allegation as true, it is not relevant. I agree with OHS that Plaintiff's claims are based solely on "OHS's involvement as a non-profit animal shelter that received, sheltered, and offered for adoption cats that Plaintiff surrendered." OHS Reply 2, ECF No. 10. I note that Plaintiff has retracted his claim against OHS, stating that he now believes OHS "did not intentionally deprive" him of his cats. Pl. Resp. 4, ECF No. 15.

## II. Plaintiff's Allegations As To Conspiracy Do Not State a Claim

### A. Conspiracy Claim Under 42 U.S.C. § 1983

"To state a claim for a conspiracy to violate one's constitutional rights . . . , the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir.1989) (per curiam).  This court must dismiss §1983 claims that are based on vague and conclusory conspiracy allegations and fail to specify each defendant's role in the alleged conspiracy.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Here, Plaintiff's complaint does not specify each defendant's role in the alleged conspiracy.  I conclude that Plaintiff cannot state a claim for conspiracy under §1983.  The alleged contractual relationship between Dr. McInnis and the County defendants does not show a conspiracy to violate Plaintiff's civil rights.

### B. Plaintiff Has Not Stated a Claim for Violating 42 U.S.C. § 1985

Plaintiff also cites 42 U.S.C. § 1985.  To state a claim under § 1985, Plaintiff must show that he is a member of a protected class or that the defendants were motivated by an impermissible animus to deprive him of his civil rights.  *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir.1985) (en banc).  A plaintiff must show that courts "have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir. 1985).  Plaintiff has not alleged discrimination based on race or another protected class, so he cannot state a claim under § 1985.

## III. The Defendant Animal Control Officers

Plaintiff claims that the defendant animal control officers violated his due process rights when they seized his cats pursuant to the search warrant.  This is the same claim that Plaintiff

brings in *Todd I*. I dismiss Plaintiff's claims against the defendant animal control officers as redundant of the due process claim in *Todd I*.

## IV. Plaintiff's Proposed Amended Complaint

Plaintiff has filed a proposed amended complaint. ECF No. 12. The amended complaint would remove OHS as a defendant, and add allegations that the private defendants "received and converted stolen property."

I agree with OHS that Plaintiff did not follow the procedures required by Federal Rule of Civil Procedure 15 for filing an amended complaint. OHS Obj. to Am. Compl., ECF No. 14. In any event, I conclude that allowing Plaintiff to file an amended complaint would be futile because amendments could not cure the complaint's defects.

## CONCLUSION

Defendants' Motions to Dismiss (#3, #5) and the Oregon Humane Society's motion for joinder (#6) are granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 8th day of August, 2016.

_____
MICHAEL MCSHANE
U.S. DISTRICT JUDGE